Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5655 | **DATE** | 10/19/2010 |
| **CASE TITLE** | Guy Dukes (#2008-0073373) v. Superintendent Miller, et al. | | |

**DOCKET ENTRY TEXT:**

Upon review pursuant to 28 U.S.C. 1915(e)(2)(B), the Court finds that Plaintiff may proceed with his second amended complaint. However, Cook County Jail is dismissed as a Defendant. The Clerk is directed to issue summons for Defendant Cook County, and the United States Marshals Service is appointed to serve it. The Clerk shall send to the plaintiff Instructions for Submitting Documents, along with a copy of this order. The Clerk is directed to amend the caption of the case to reflect Cook County as a Defendant.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff, Guy Dukes, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Superintendent Miller, Psychologist Stein, and Psychologist Morjal violated his constitutional rights by failing to provide adequate medical care for a serious medical condition at the Cook County Jail when he was denied medication for a serious mental health condition when he was moved out of the cell house reserved for inmates with medical issues. Plaintiff has also named Defendant Cook County as the public entity for purposes of pursuing a claim under the American's with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

Upon review pursuant to 28 U.S.C. 1915(e)(2)(B), the Court finds that Plaintiff's second amended complaint is acceptable and he may proceed on his allegations of deliberate indifference to a serious medical condition as to Defendants Miller, Stein, and Morjal. Plaintiff may further proceed on his claim under the Americans with Disabilities Act.

However, With respect to Defendant Cook County Jail, county agencies and departments are not proper suable entities in § 1983 litigation. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). As such, the Cook County Jail is dismissed as a Defendant.

The Clerk shall issue summons for service of the complaint on Defendant Cook County (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

**(CONTINUED)**

   AWL

## STATEMENT

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.