```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

| | |
|---|---|
| **GUY DUKES (#2008-0073373),** | |
| Plaintiff, | Case No. 09 C 5655 |
| v. | Hon. Harry D. Leinenweber |
| **MICHAEL MILLER,** *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Guy Dukes ("Dukes" or "Plaintiff"), in custody at the Cook County Jail as a pre-trial detainee, has filed suit pursuant to 42 U.S.C. § 1983. Dukes alleges that, in July 2009, Defendants, Superintendent Miller, Psychologist Stein, and Psychologist Morjal (hereinafter, the "Defendants"), violated his constitutional rights at the Cook County Jail when they denied him medication for a serious mental health condition when he was moved out of the cell house reserved for inmates with medical issues. Plaintiff has also named Defendant Cook County as the public entity for purposes of pursuing a claim under the American's with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

Presently pending before the Court are Defendants' Motion for Summary Judgment and Motion to Strike Plaintiff's Amended Response to Defendants' Material Statement of Facts and Supporting Exhibits. Defendants argue that Dukes has: (1) failed to exhaust his administrative remedies prior to filing suit as required by the

Prisoner Litigation Reform Act, 42 U.S.C. § 1997 e(a); (2) failed to show he suffered a physical injury; (3) failed to sustain his official and individual capacity claims against Defendants Miller and Morjal; and (4) failed to show that Defendants were deliberately indifferent. The record before the Court establishes that Plaintiff failed to exhaust his administrative remedies prior to filing suit, thus, for the reasons stated herein, Defendants' Motion for Summary Judgment is granted and Defendants' Motion to Strike Plaintiff's Response to their L.R. 56.1 Statement of Facts is granted in part and denied in part.

## I.  **LEGAL STANDARD**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir.

2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); and Local Rule 56.2. This notice clearly set out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Dukes' response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b)(3) requires a party opposing a motion for summary judgment to file:

> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b). The district court may require strict compliance with Local Rule 56.1, even though the plaintiff is proceeding *pro se*. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with

the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("rules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Despite being given this notice, Dukes failed to adequately respond to Defendants' Rule 56.1 Statement of Facts. See "Plaintiff's Response Before Summary Judgment: Memorandum Answer." (Dkt. #73). The Seventh Circuit has "routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions." *Yancick v. Hanna Steel Corp.*, Case No. 10 C 1368, 2011 U.S. App. LEXIS 15896 \*\*7-8 (7th Cir. August 3, 2011); *citing Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010).

Because Dukes is proceeding *pro se*, the Court will consider the factual assertions he makes in his response, but only to the extent that Plaintiff could properly testify about the matters at trial – that is, only with respect to those facts within Plaintiff's personal knowledge. *See* Fed. R. Evid. 602.

## II. **FACTS**

The following facts are taken from Defendants' Rule 56.1 Statement, from the record attached to Defendants Rule 56.1 Statement, and from Dukes' response to Defendant's Motion for Summary Judgment to the extent that the facts are within Dukes' personal knowledge.

Plaintiff is a pre-trial detainee at the Cook County Jail ("CCJ"), and was a pre-trial detainee there during July, August, and September of 2009. (Defendants' L.R. 56.1 Statement 1, and Plaintiff's complaint, generally). Plaintiff understands the grievance process at CCJ. (Defendants' L.R. 56.1 Statement 26, Def. Ex. 2, Pl. dep., p. 58, lines 14-16). Dukes wrote two grievances, one on August 25, 2009 and the other on August 27, 2009, claiming he was denied his medication from July 17, 2009 to August 20, 2009. (Defendants' L.R. 56.1 Statement 27, Def. Ex. 7, Grievance 2009 X 1726, p. 1; Def. Ex. 2, Pl. dep., p. 63, lines 8-17). These Grievances were given to a social worker on August 28, 2009. (Defendants' L.R. 56.1 Statement 29, Def. Ex. 7, Aug. Grievances, p. 1; Def. Ex. 2, Pl. dep., p. 64, lines 18-20).

On September 1, 2009, Dukes wrote another grievance regarding his alleged denial of medication. (Defendants' L.R. 56.1 Statement 30, Def. Ex. 8, Grievance 2009 X 1798 ("Sept. Grievance"), p. 1.; Def. Ex. 2, Pl. dep., p. 67 lines 7-13). That grievance was given to a social worker on September 8, 2009.

(Defendants' L.R. 56.1 Statement 32, Def. Ex. 8, Sept. Grievance, p. 1).

Dukes received a response to his August 25 and 27, 2009 grievances on September 4, 2009. (Defendants' L.R. 56.1 Statement 33, Def. Ex. 7, p. 2; Def. Ex. 3, Mueller Aff., ¶ 6; Def. Ex. 2, Pl. dep., p. 65, lines 7-16.) The grievance form provides, just below Plaintiff's signature, that "Appeals must be made within 14 days of the date the detainee received the response." (Def. Ex. 7, p. 3.) Dukes did not fill out any part of the "Request for an Appeal" section of the Detainee Grievance/Referral & Response form for the August 25 and 27, 2009 grievances. (Defendants' L.R. 56.1 Statement 34, Def. Ex. 7, p. 2; Def. Ex. 2, Pl. dep., p. 66, lines 19-24 and p. 67, lines 1-6). Plaintiff received a response to his September 1, 2009 grievance on September 15, 2009. (Defendants' L.R. 56.1 Statement 40, Def. Ex. 8, p. 2; Def. Ex. 2, Pl. dep., p. 67, lines 18-24.) Plaintiff filled out and signed the "Request for an Appeal" section of the Detainee Grievance/Referral & Response form for the September 1, 2009 grievance on September 15, 2009. (Defendants' L.R. 56.1 Statement 41, Def. Ex. 8, p. 2; Def. Ex. 2, Pl. dep., p. 68 lines 1-9.)

Plaintiff wrote the Complaint in this case complaint on September 6, 2009. (Defendants' L.R. 56.1 Statement 35, and Pl. original compl., generally; Def. Ex. 2, Pl. dep., p. 72, lines 17-19.) The envelope that Plaintiff's complaint was mailed

in was postmarked "9/8/09." (Defendants' L.R. 56.1 Statement 39, Docket Entry No. 1.) The Complaint was received by this Court on September 11, 2009. (Defendants' L.R. 56.1 Statement 37, Pl. original compl., p. 1; Def. Ex. 2, Pl. dep., p. 71, lines 18-20.)

### III. <u>ANALYSIS</u>

#### A. **Dukes Failed to Exhaust his Administrative Remedies**.

The Court cannot entertain Dukes' deliberate indifference claim because Defendants have demonstrated that he failed to exhaust administrative remedies prior to bringing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner*, 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules established by the State [or, in this case, county] with respect to the form and timeliness of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th

Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court). In order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001).

Dukes prepared two grievances, one on August 25, 2009, and the other on August 27, 2009, regarding his issues with receiving medication. (Defendants' Local Rule 56.1 Statement 27 and Plaintiff's deposition p. 63, lines 8-17). The grievances were given to a social worker on August 28, 2009. (Defendants' Local Rule 56.1 Statement 29, Def. Ex. 7). On September 1, 2009, Dukes wrote another grievance regarding his issues with not receiving medication. (Defendants' Local Rule 56.1 Statement 30 and Def. Ex. 8, Plaintiff's September 1, 2009 grievance). The September 1, 2009 grievance was given to a social worker on September 8, 2009. (Defendants' Local Rule 56.1 Statement 32, Def. Ex. 8).

Dukes wrote the Complaint in this case on September 6, 2009. (Defendants' L.R. 56.1 Statement 35, and Pl. original compl., generally; Def. Ex. 2, Pl. dep., p. 72, lines 17-19.) The envelope that Dukes' Complaint was mailed in was postmarked "9/8/09." ((Defendants' L.R. 56.1 Statement 39, Docket Entry No. 1.) Dukes' original Complaint was received by this Court on September 11, 2009. (Defendants' L.R. 56.1 Statement 37, Pl. original compl., p. 1; Def. Ex. 2, Pl. dep., p. 71, lines 18-20.)

The fact that Dukes prepared his Complaint in this case on September 6, 2009, a mere 12 days after submitting his first grievance, in and of itself, is enough to grant judgment to Defendants in this case because grievances cannot be exhausted in such a short period of time. However, additional facts justify granting Defendants judgment. For instance, it is also uncontested that Dukes did not receive the initial response to the August 25 and 27, 2009 grievances until September 4, 2009, two days prior to submitting his Complaint in this case to the court. (Defendants' Local Rule 56.1 Statement 27 and Plaintiff's deposition p. 63, lines 8-17). It is also uncontested that the grievance form provides for an appeal, within 14 days of the detainee's receipt of response (See Defendants' Ex. 7, p. 3), and that Dukes did not fill out the appeal request. *Id*.

With respect to Dukes' September 1, 2009 grievance, he did not receive a response until September 15, 2009, nine days after he had filed suit. (Defendants' L.R. 56.1 Statement 40, Def. Ex. 8, p. 2; Def. Ex. 2, Pl. dep., p. 67, lines 18-24.) When he received the response to that grievance, Dukes filled out and signed the "Request for an Appeal" section the same day. (Defendants' L.R. 56.1 Statement 41, Def. Ex. 8, p. 2; Def. Ex. 2, Pl. dep., p. 68 lines 1-9.)

While Dukes submitted a "dispute" to Defendants' L.R. 56.1 Statement 41, the response is virtually non-responsive and relies on inadmissable hearsay. Dukes states that an unnamed social

worker told him that the process had changed and that he was required to submit the request for appeal. (See Plaintiff's Response 41, ECF Dkt. 76). In essence, the statement is merely additional testimony by Dukes regarding what other people told him about the grievance appeals process. As the statement purports to be declarations of what other persons could testify to at trial, are not within the knowledge of what *Dukes* could testify to at trial, and is hearsay under Fed. R. Evid. 801(c), they will not be considered by the Court. *See also, Haywood v. Lucent Technologies, Inc.*, 323 F.3d 524, 533 (7th Cir. 2003). Consequently, with respect to Dukes' response to Defendants' L.R. Statement 41, Defendants' motion to strike is granted, and the statement will be deemed admitted. Additionally, Dukes did complete the "Request for Appeal" section of the September 1, 2009 grievance, indicating his understanding that he was required to do so in order to exhaust his administrative remedies prior to filing suit. (Defendants' L.R. 56.1 Statement 41, Def. Ex. 8, p. 2; Def. Ex. 2, Pl. dep., p. 68 lines 1-9.)

The court may grant summary judgment if facts are in dispute, so long as those facts are not outcome determinative. *See, e.g., Outlaw v. Newkirk*, 259 F.3d 833, 840-41 (7th Cir. 2001); *Matter of Wildman*, 859 F.2d 553, 556 (7th Cir. 1988); *In re NeoPharm, Inc. Securities Litigation*, 705 F.Supp.2d 946, 962 (N.D. Ill. 2010) (Lefkow, J.). In the case at bar, there appears to be a dispute as to whether the grievance procedure was posted in Division X at the

Cook County Jail. However, inmates at the Cook County Jail receive a handbook describing basic programs and procedures. *See, John Howard Association's Court Monitoring Report*, filed on May 12, 2000, in *Duran v. Sheahan*, 74 C 2949 (N.D. Ill.) (reflecting that the Cook County Jail has an established and publicized grievance procedure). Additionally, Dukes admits he was aware of and understood the grievance procedure at the Cook County Jail. (Plaintiff's deposition, p. 58, lines 14-16, Defendant's Ex. 2.)

The facts of this case, taken together, indicate that there is no dispute that Dukes had access to the grievance process and understood it. It is especially clear from the record that Dukes understood the grievance procedure because he actually followed it with respect to pursuing his September 1, 2009 grievance. Further, it is clear that Dukes did not complete the request for appeals section of his August 25 and 27, 2009 grievances, and *did* complete the request for appeals section of his September 1, 2009 grievance, but not until September 15, 2009. To satisfy the PLRA's exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies." *Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added); *see also Ford*, 362 F.3d at 398.

As the evidence is clear that Dukes could not have fully exhausted his administrative remedies prior to filing suit, judgment is granted to Defendants. Furthermore, because it is now too late for Dukes to avail himself of grievance procedures, dismissal of that claim is with prejudice. *See, e.g., Pozo*, 286 F.3d at 1023-24; *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Hope v. Velasco*, No. 01 C 1574, 2004 WL 417198, *4 (N.D. Ill. Feb. 23, 2004) (Hibbler, J.).

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment [#67] is granted. Defendants' Motion to Strike Dukes' Response to their L.R. 56.1 Statement of Facts is granted in part and denied in part. This matter is closed.

**IT IS SO ORDERED.**

                                                                Harry D. Leinenweber, Judge
                                                                United States District Court

**DATE:** 3/8/2012